IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS NOEL RODRÍGUEZ RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT OPERATIONS PUERTO RICO, L.L.C.,<br><br>Defendant. | Civil No.<br><br>AMERICANS WITH DISABILITIES ACT, ACT 100 OF JUNE 30, 1959, TORTS, ACT 80<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff through the undersigned counsel respectfully alleges and prays as follows:

## I.
## NATURE OF ACTION

1.  The plaintiff was discriminated in his employment by the defendant on account of his physical disabilities and was wrongfully terminated after almost eleven (11) years of employment in violation of the American with Disabilities Act and local statutes.

2.  Plaintiff hereby seeks reinstatement, damages, double compensatory damages, punitive damages and front and back pay in lieu of reinstatement, an alternative statutory compensation for the wrongful termination of employment; and attorney fees.

## II.
## JURISDICTION AND VENUE

3.  This court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) inasmuch as plaintiff's claim arises pursuant to the American with Disabilities Act of 1990 ("A.D.A.") as amended, 29 U.S.C. §12101 et seq.

4. This court has supplemental jurisdiction over the local law causes of action pursuant to 28 U.S.C. §1367 (a) since said causes of action are so related to the federal claims that they form part of the same case or controversy under Article III of the U. S. Constitution and do not raise novel or complex questions of local law and they do not predominate over the claim over which the court has original jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)(1) and (2) since this action is brought in a judicial district where the defendant is incorporated and doing business and in which all of the events giving rise to the claims occurred.

6. All conditions precedent to jurisdiction pursuant to 29 U.S.C. §626(e) have occurred or being complied with:

    a. A timely charge of employment discrimination on account of a disability as defined by the American with Disabilities Act was filed with the Equal Employment Opportunity Commission (E.E.O.C.);

    b. The E.E.O.C. issued a Right to Sue Letter dated August 1, 2018 which was placed in the U. S. Postal Service on August, 2018, and received by the plaintiff on August 4, 2018;

    c. This complaint is being filed within ninety (90) days of the receipt of the E.E.O.C.'s Right to Sue's Notification.

### III.
### THE PARTIES

7. Plaintiff, Luis Noel Rodríguez Ruiz, is a natural person of legal age, single, an engineer and a citizen of Coamo, Puerto Rico.

8. Microsoft Operations Puerto Rico, L.L.C. ("Microsoft") is a limited liability company organized and operating pursuant to the laws of the Commonwealth of Puerto Rico with a principal place of business in Humacao, Puerto Rico.

**IV.**
**RELEVANT FACTS TO ALL CAUSES OF ACTION**

9. As a result of his premature birth, plaintiff suffers since birth a physical condition known as cerebral palsy, the most common major disabling motor disorder in childhood. Cerebral palsy is defined as a group of permanent disorders of movement and posture causing activity limitation that are attributed to non-progressive disturbances that occurred in the developing fetal or infant brain. The motor disorders of cerebral palsy are often accompanied by disturbances of sensation, perception, cognition, communication and behavior, and by secondary musculoskeletal disorders.

10. In plaintiff's situation the outward evidence of the disability consist of orthopedic problems that cause a noticeable limping while walking, in the posture while standing, difficulties in walking and an occasional lack of balance.

11. While in Microsoft's employment on September, 2011 plaintiff had a serious non-work related automobile accident that resulted in severe and permanent cervical damage that causes to the plaintiff, in addition to the aforestated symptoms, severe headaches and back pain.

12. On account of his disabilities, plaintiff suffers, and is perceived to suffer, physical limitations in his daily activities such as lack of sleep, difficulties while walking, inability to run and lifting or moving heavy objects. He cannot stand, sit or walk for extended periods of time. Those disabilities do not incapacitate the plaintiff from performing his duties as Microsoft's Process Engineer.

13. Plaintiff commenced his employment with Microsoft on December 5, 2005 as a process engineer in the engineering department segment of defendant's operations in Puerto Rico and worldwide. He became a project manager for several important research and development programs.

14. Among his duties at Microsoft the plaintiff was responsible for (a) ensuring that compliance requirements were built up for programs and processes; (b) identifying areas of opportunity to drive and apply corrective action; (c) developing and implementing processes to reduce costs and improve efficiency.

15. As part of his obligations as a Project Manager, Plaintiff developed a program for a quality continuous improvement which earned him a quality continuous improvement award, granted by Microsoft Puerto Rico Operations General Manager, in recognition to the contributions and achievement of 59% in quality process improvement in the electroforming area on April 13, 2009.

16. As a result of the development program of continuous improvement, several recognition were awarded such as: FY09 Microsoft Puerto Rico quality award, FY09 Microsoft Continuous improvement award, FY10 Microsoft Puerto Rico continuous improvement award, Nominate as a Microsoft Puerto Rico 2010 Symbol Employee, FY11 Microsoft Gold Star Global Award.

17. Also as parte of his obligations as a Project Manager, plaintiff developed a program for a "cooling system management for server facility" which earned him Microsoft Patent Award. Said program is designed to efficiently manage the air flow at Microsoft's Data centers to cool the servers and save electrical cost of approximately $1 million in Puerto Rico Operations.

18. Until the time he was terminated on August 19, 2016, Microsoft was, upon information and belief, in the process of applying for a patent for the system designed by the plaintiff from the U. S. Patent Office.

19. From the outset of his employment with Microsoft, plaintiff received very good or excellent evaluations from all of his direct supervisors except from Héctor Báez (Báez) who

became plaintiff's supervisor in or around the end of the year 2011.  Thereafter plaintiff began to receive from Báez inappropriate or under-performance evaluations.

20. After becoming plaintiff's supervisor Báez commenced a campaign of harassment and discrimination that created a hostile work environment for the plaintiff because of his disabilities.

21. Among the actions undertaken by Báez as Microsoft's agent and supervisor against the plaintiff are the following:

a. transferred the plaintiff from project management, research and development to be full time to Microsoft Manufacturing Area.  This was done with full knowledge that in his new duties the plaintiff had to stand up, walk considerable distances during the day and exert himself physically in order to discharge his new supervisory and/or led duties in manufactuing;

b. Consistently and without valid justification evaluated the plaintiff improperly as barely satisfactorily or under-performing;

c. Consistently refused plaintiff's requests that he be given back the same duties and role which he performed as project management, research and development most of the time prior to Báez transfer him to full time on Microsoft Operations Puerto Rico Manufacturing Area Role;

d. Refused to and actually told the plaintiff that no reasonable accommodation would be made to enable the plaintiff to continue to do his work at Microsoft;

e. Báez and others at Microsoft made disparaging comments about plaintiff's physical impediments and requests for reasonable accommodations and stated that such conditions precluded the plaintiff from adequately performing his work related duties;

  f.  Báez expressed to the plaintiff his displeasure at his requests for medical leave to attend his physical conditions and actually stated that such requests reflected negatively in plaintiff's performance and the evaluation's scores of such performances;

  g.  systematically and wrongfully reprimanded plaintiff in front of those he supervised thereby undermining his authority; and publicly and derogatorily referred to plaintiff's engineering skills as "street engineering";

  h.  imposed on the plaintiff goals that were so subjective that could and did automatically results in negative evaluations at Báez's sole and arbitrary discretion;

  i.  consistently converted the periodic evaluation, a work improvement tool, into an offensive weapon to cause plaintiff's termination of employment because of his disabilities;

  j.  in short, Baéz used his supervisory authority to create a hostile work environment for the plaintiff to force him to resign to his employment or be terminated only because of plaintiff's disability.

22. Plaintiff complained to Microsoft's Human Resources Department of Báez's conduct on November 4, 2014, December 2, 2014, February 10, 2016 and April 26, 2016. In each and every occasion the Human Resources Department conducted a sham investigation and on each such occasion concluded that "the evidence presented did not support plaintiff's allegations".

23. Plaintiff requested that he be re-assigned to other supervisor that would not discriminate against him on account of his physical disabilities or be returned to his duties as project management, research and development most of the time. Such requests were denied

by defendant's Human Resources Department that stubbornly and miopicly insisted, without any basis in fact that the relation between the plaintiff and Báez was salvilable.

## FIRST CAUSE OF ACTION

24. Microsoft's actions amount to discrimination against the plaintiff in contravention of the American With Disabilities Act.

25. As a result thereto, plaintiff is entitled to compensatory damages for pain and suffering, punitive damages, cost and attorney fees, reinstatement with back pay and to front pay in lieu of reinstatement should the later be impractical or impossible.

## SECOND CAUSE OF ACTION

26. Defendant's actions and inaction in denying reasonable accommodation, in addition of being discriminated prohibited by the American with Disabilities Act also constituted discrimination pursuant to Puerto Rico's Act 100.

27. On account of the aforestated the plaintiff has an entitlement to reinstatement, damages for mental anguish and economic harm including back pay, a doubling of the total amount of the damages caused and attorney fees.

## THIRD CAUSE OF ACTION

28. Defendant's acts and omissions constitute a tort pursuant to the provisions of Article 1802 of the Civil Code of Puerto Rico.

29. As a result of the aforestated the plaintiff is entitled to a monetary or in kind ("in natura") compensation for the damages he suffered as a result of defendant's tortious conduct plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

30. Plaintiff's termination of employment by Microsoft is unjustified as provided for in Puerto Rico's Act 80.

31. As a result of plaintiff's unjustified termination of employment; as an alternative, the plaintiff has an entitlement to the compensation provided by Act 80 based on his salary and years of employment at Microsoft plus costs and attorney fees as provided by statute.

WHEREFORE, it is respectfully requested that plaintiff be compensated as follows: for the damages suffered, which, at a minimum, are valued in $5 million, be granted punitive damages, that the compensatory damages be doubled, that he be reinstated in his employment with back pay and that front pay be awarded should for any reason reinstated is not possible, and that he be awarded costs and attorney fees.

RESPECTFULLY SUBMITTED.

I hereby certify that on October 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

In San Juan, Puerto Rico, this 26th of October, 2018.

s/Rubén T. Nigaglioni-Mignucci
Rubén T. Nigaglioni-Mignucci
USDC-PR No. 119901
NIGALGLIONI LAW OFFICES PSC
Attorney for Plaintiff
P. O. Box 9023865
San Juan, Puerto Rico 00902-3865
Tel. (787)765-9966   Fax: (787)751-2520
rtn@niglaglionilaw.com